■ In the Matter of PAUL FENTZKE, Respondent. COMMIS-SIONER OF NEW YORK STATE OFFICE OF MENTAL HEALTH, Appellant. [757 NYS2d 189] —Appeal from an order of Supreme Court, Oneida County (Siegel, J.), entered July 10, 2002, which directed petitioner's release upon a jury verdict.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and a new trial is granted.

Memorandum: Petitioner was acquitted in 1984 of, inter alia, murder in the second degree by reason of mental disease or defect. He was diagnosed as a paranoid schizophrenic at that time and was placed in respondent's custody pursuant to a series of retention orders. Following the issuance of a one-year retention order in 2002, petitioner sought a rehearing and review pursuant to CPL 330.20 (16), and a jury trial was thereupon conducted. Respondent appeals from an order directing petitioner's release upon a jury verdict finding that petitioner was mentally ill but that continued residential care and treatment in an institution was not essential to his welfare. "Both mental illness and dangerousness are necessary elements of any commitment or retention of an insanity acquittee" (*Matter of David B.*, 97 NY2d 267, 276 [2002]; *see also Matter of Seltzer v Jose P.*, 213 AD2d 719 [1995]), and thus we conclude that Supreme Court committed reversible error in precluding respondent from presenting testimony concerning the danger that petitioner could present to himself or others upon his release (*see generally David B.*, 97 NY2d at 279-280). In view of our determination granting a new trial, we do not address respondent's remaining contention that the verdict is against the weight of the evidence. Present—Pine, J.P., Wisner, Scudder, Kehoe, and Burns, JJ.